**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TERRY JACKSON, | Civil Action No. 05-1914 (FLW) |
| Petitioner, | |
| v. | **O P I N I O N** |
| UNITED STATES PAROLE COMMISSION, et al., | |
| Respondents. | |

**APPEARANCES:**

    Terry Jackson
    #84017-007
    F.C.I. Fairton
    P.O. Box 420
    Fairton, NJ 08320
        Petitioner pro se

    Louis J. Bizzarri, Esquire
    Office of the U.S. Attorney
    Camden Federal Bldg. & Cthse.
    401 Market Street, 4th Floor
    Camden, NJ  08101
        Counsel for Respondents

**WOLFSON,** District Judge

    Petitioner Terry Jackson, currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondents are the United States Parole Commission and Jonathan C. Miner, Warden of F.C.I. Fairton.  Respondents submitted an "Answer and Memorandum of Law in Support of

Respondents' Motion to Dismiss the Petition for a Writ of Habeas Corpus."

## BACKGROUND

The following facts are based upon a review of the record provided by Respondents as Exhibits to their Answer.

In December of 1990, Petitioner was sentenced to nine years and 120 days imprisonment by the District of Columbia Superior Court. The District of Columbia Board of Parole paroled Petitioner from the sentence on September 16, 1993, to remain under supervision until May, 2000.

In 1998, a warrant was issued charging Petitioner with violating conditions of parole due to an arrest for possession with intent to distribute heroin. He was transferred to the jurisdiction of the United States Parole Commission ("the Commission"). He was arrested on the parole violator warrant in March 2004.

On June 2, 2004, the Commission held a parole revocation hearing. A "Proffer of Evidence" revealed that an agent of the Federal Bureau of Investigation, working with the local police department was advised that Petitioner was in possession of $3000.00 cash and a quantity of heroin. The FBI agent relayed the information to an Officer Cumba, who knew of the Petitioner, located Petitioner, and stopped him. Petitioner was indeed in possession of $2435.00 and 11 "zip locks" of heroin.

Petitioner admitted that he possessed the heroin, but his attorney argued at the parole hearing that it was for Petitioner's own personal use, and that he was not intending to distribute the drugs.  Petitioner's parole was revoked based on the charge of possession with heroin.  The case was continued to consider the charge of possession with intent to distribute heroin, and to re-subpoena Officer Cumba, who did not appear for the initial revocation hearing for evidence relating to the intent to distribute charge.

On June 14, 2004, the Commission issued a Notice of Action continuing the hearing with regard to the intent to distribute charge in order to re-subpoena the officer.  However, one week later, on June 21, 2004, the Commission entered another Notice of Action stating that a good cause finding had been made not to re-subpoena the officer.  The Commission vacated the portion of the prior Notice of Action directing that Officer Cumba be re-subpoenaed.

The continued hearing was conducted on July 28, 2004.  The officer again did not appear.  Despite the fact that the order to subpoena the officer was vacated, the hearing examiner held that he could not make a finding with regard to the possession with intent to distribute charge without the additional evidence.  However, a reviewing examiner disagreed, and stated that the Commission found "good cause" for the non-appearance of the

officer.  The "good cause" was that, based on the arrest report, the officer could contribute no evidence to the possession with intent to distribute charge.  Thus, the reviewing examiner found that the officer was not an "adverse witness."  The reviewing examiner then made a credibility determination and recommended that the Commission find that Petitioner possessed heroin with intent to distribute.  The reviewing examiner based this finding on the fact that Petitioner admittedly possessed the 11 "zips" of heroin, as well as a large quantity of cash, and that in the reviewing examiner's opinion, it was unlikely that he would possess these items simultaneously with no connection between them.

On August 17, 2004, the Commission entered a Notice of Action finding Petitioner in violation of possession with intent to distribute heroin, and assessing his sentence accordingly.

In this habeas petition, Petitioner claims that he was denied the right to cross-examine the officer, an adverse witness, at his revocation hearing.  He argues that the Commission did not find "good cause" for the non-appearance of the officer.  Further, he argues that the Commission placed him in the wrong severity category, as the Commission failed to produce the witness to establish intent to distribute.

**DISCUSSION**

**A.   Standard of Review**

United States Code Title 28, Section 2241 provides in relevant part as follows:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>                           ***
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   The Petition Will Be Denied.**

A federal court's review of a Commission decision is limited.  See Furnari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000).  "The appropriate standard of review of the Commission's findings of fact 'is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by

5

substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons.'" Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976)).  In addition, the review should consider whether the Commission "'has followed criteria appropriate, rational and consistent' with its enabling statutes so that its 'decision is not arbitrary and capricious, nor based on impermissible considerations.'"  Id. (quoting Zannino, 531 F.2d at 690).

Further, credibility determinations by the Commission are not reviewable through habeas petitions.  See Pacelli v. Hurley, 1997 WL 416395 at *4 (D.N.J. June 16, 1997)(unpubl.)(citing Billiteri v. United States Board of Parole, 541 F.2d 938, 944 (3d Cir. 1976))(other citations omitted).

Citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972), Petitioner argues that the Commission violated his constitutional rights by not allowing him to cross-examine the officer.  However, Morrissey notes that Petitioner should be permitted to confront and cross-examine *adverse* witnesses, "*unless the hearing officer specifically finds good cause for not allowing confrontation.*"  Morrissey, 408 U.S. at 489 (emphasis added).  An adverse witness is defined as "a person who has given information upon which revocation may be based."  28 C.F.R. § 2.104(a)(1). In this case, the record reveals that the Commission concluded

6

that there was good cause for not allowing confrontation because, "other than the information contained in his arrest report, Officer Cumba provided no evidence as to whether Jackson intended to distribute heroin.  Thus, his presence was not needed and Jackson did not have the right to confront him."  This Court will not disturb this finding of good cause by the Commission.

In Petitioner's case, the reviewing examiner, with whom the Commission apparently agreed in rendering its decision, considered Petitioner's statements and the evidence presented, and made a credibility determination.  The reviewing examiner clearly set forth findings of fact in the "Memo Regarding Hearing."  Based upon a review of the record, this Court finds that there was a rational basis for the revocation of Petitioner's parole.  Thus, this Court may not disturb the findings of the Commission.

Therefore, because there was a rational basis for the Commission's revocation of parole, and because this Court cannot review credibility determinations of the Commission, the instant Petition for a Writ of Habeas Corpus will be denied.  Petitioner has not demonstrated that he is in custody in violation of the laws or Constitution of the United States.

**CONCLUSION**

For the reasons set forth above, Respondents' Motion to Dismiss will be denied, however, the Petition will be denied on its merits. An appropriate order follows.

                                                                                    _____
                                                                                        FREDA L. WOLFSON
                                                                                United States District Judge

Dated: